IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09-cr-13-9

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>YVONNE MARIE FOUNTAIN. )<br>)<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the Defendant's DePierre Claim pursuant to 28 U.S.C. §2255(f)(3) and 21 U.S.C. §841(b)(1) [Doc. 638].

The Defendant, who filed this motion in her criminal case, has cited 28 U.S.C. §2255(f), the statute which provides the time limits for filing a motion pursuant to §2255 to vacate, set aside or correct sentence. She has also cited the statute which criminalizes possession with intent to distribute controlled substances, 21 U.S.C. §841. It therefore appears that the Defendant may intend to bring an action pursuant to 28 U.S.C. §2255 to vacate, set aside or correct her conviction and sentence based on the case of <u>DePierre v. United States</u>, ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011).

The Court will thus provide the Defendant with notice, pursuant to <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003),

that it intends to recharacterize this motion as an attempt to file a motion pursuant to 28 U.S.C. §2255. The Defendant is provided an opportunity to advise the Court whether she agrees or disagrees with this recharacterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to §2255, it will be her first §2255 petition which will mean that before she can thereafter file a second or successive §2255 petition, the Defendant must receive certification from the United States Court of Appeals for the Fourth Circuit.

Moreover, in determining whether the Defendant agrees or disagrees with this recharacterization, she should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to §2255. This one year period begins to run at the latest of:

    1. the date on which the judgment of conviction became final;

    2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

    3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The Defendant may respond on or before 30 days from service of this Order. If the Defendant timely responds to this Order and does not agree to have the motion recharacterized as one under §2255, the Court will rule on the merits of the motion as one brought pursuant to DePierre, supra.

If the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one pursuant to §2255, the Court will consider the motion pursuant to §2255 and shall consider it filed as of the date the original motion was filed. If the Defendant agrees to have the motion considered as one pursuant to §2255, the Court will provide a time within which an amendment to the motion to the extent permitted by law may be filed.

**IT IS, THEREFORE, ORDERED** that the Defendant may comply with the provisions of this Order by written filing on or before thirty (30) days from service of this Order.

Signed: July 2, 2012

Martin Reidinger
United States District Judge