UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12CV125-MR
(1:09CR13-MR-DLH-9)

| | |
|---|---|
| YVONNE MARIE FOUNTAIN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on its own motion following the filing of Respondent's Motion for Summary Judgment filed on May 6, 2013, (Doc. No. 15).

Also pending before the Court are the following motions: Petitioner's Motions to Amend the Motion to Vacate, [Docs. 3; 6]; Respondent's Motion for Extension of Time to File Response/Reply, [Doc. 12]; Respondent's Motion for Extension of Time to file a Response/Reply to Petitioner's motion to vacate, [Doc. 16]; Petitioner's Motion for Preliminary Examination Transcripts and Suppression Hearing Transcripts at Government Expense, [Doc. 17]; Petitioner's Motion for Grand Jury Transcripts, [Doc. 18]; Petitioner's Motion to Hold in Abeyance, Motion for Extension of Time to

1

File a Response to the Government's Opposition to Petitioner's Motion to Vacate, [Doc. 19]; Petitioner's Motion to Unseal Search Warrant, [Doc. 20]; and Petitioner's Motion for a Copy of Trial Transcripts, [Doc. 21].

As an initial matter the Court determines that Petitioner's Motions to Amend her Motion to Vacate should both be granted, as the Government has addressed the proposed amendments in its brief in support of the motion for summary judgment. Next, Petitioner's Motion for Grand Jury Transcripts is denied for the reasons stated by the Court for denying this same motion in Petitioner's underlying criminal action. [Criminal Case No. 1:09cr13-MR-DLH-9, Doc. No. 688].

Next, as for Petitioner's Motion for Preliminary Examination Transcripts and Suppression Hearing Transcripts at Government Expense, and Petitioner's Motion for a Copy of Trial Transcripts at Government Expense, the law is clear that copies of documents from a record may be provided to an indigent litigant at government expense upon a showing by that litigant of a particularized need for the documents. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972). The Court will deny Petitioner's motions for copies of the preliminary examination, suppression hearing, and trial transcripts at government

expense, as Petitioner has not shown a particularized need for these documents. Petitioner filed her original motion to vacate on June 4, 2012, and she filed her motions to amend the motion to vacate on July 2, 2012, and October 22, 2010, respectively. Petitioner did not file the pending motion for various transcripts until after Respondent filed the pending motion for summary judgment. By now, Petitioner has had ample time to develop her grounds and arguments in support of her motion to vacate. Furthermore, Petitioner states that she at one time had a compact disc of the trial transcript, but that the compact disc was lost. If Petitioner wishes to obtain copies of the trial transcripts, preliminary examination transcript, and/or suppression hearing transcript, she may contact the clerk's office and inquire as to the cost of copies. If Petitioner wishes to order copies of these transcripts, she is responsible for paying the costs.

Next, as to Petitioner's Motion to Unseal Search Warrant, Petitioner states that she seeks for the Court to unseal a warrant used to search her residence. The Court will deny this motion, as the search warrant that Petitioner appears to be referencing is not, in fact, sealed. See [Criminal Case No. 1:09CR13-MR-DLH-9, Doc. No. 349-2: Judgment].

Finally, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that Petitioner carries in responding to Respondent's Motion for Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3, 106 S.Ct. 2548. The

nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324, 106 S.Ct. 2548. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S.Ct. 2505; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

The law further provides that if a party fails to "properly address another party's assertion of fact" the court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e). In other words, the Petitioner is required to present evidence to show that a fact is disputed.

If Petitioner has any evidence to offer to show that there is a genuine issue of fact, he must now present it to this Court in a form which would otherwise be admissible at a trial. This means that it must be in the form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

> ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion

by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2) *Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3) *Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

**(4) *Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, No. WDQ-09-2651, 2010 WL 3834917, at *3 (D. Md. Sept. 28, 2010). An unsworn declaration or statement, made and signed under the penalty of perjury, also may be

submitted.  See 28 U.S.C. § 1746.

Affidavits or unsworn declarations must be presented by the Petitioner to this Court within thirty (30) days of the entry of this Order. Pursuant to Rule 56(e), **the Petitioner's failure to respond may result in the granting of the Respondent's Motion for Summary Judgment, that is, in the dismissal of this Motion to Vacate with prejudice**.

**IT IS, THEREFORE, ORDERED** as follows:

1. Petitioner's Motions to Amend her Motion to Vacate, [Docs. 3; 6], are **GRANTED**.

2. Respondent's Motions for Extension of Time [Doc. 12] and Motion to File Out of Time [Doc. 16], are **GRANTED** nunc pro tunc, and the Government's Response [Doc. 13] is deemed timely filed.

3. Petitioner's Motion for Preliminary Examination Transcripts and Suppression Hearing Transcripts at Government Expense, [Doc. 17]; Petitioner's motion for Grand Jury Transcripts, [Doc. 18]; Petitioner's Motion to Unseal Search Warrant, [Doc. 20]; and Petitioner's Motion for a Copy of Trial Transcripts, [Doc. 21], are all **DENIED**.

4. Petitioner's Motion to Hold in Abeyance, Motion for Extension of Time to File a Response to the Government's Opposition to Petitioner's Motion to Vacate, [Doc. 19], is **GRANTED** in that Petitioner shall have thirty (30) days from the entry of this Order within which to submit a response to Respondent's Opposition to Petitioner's Motion to Vacate and Respondent's Motion for Summary Judgment. **Petitioner's failure to respond may result in Respondent being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Petitioner's Motion to Vacate with prejudice.**

Signed: June 13,

Martin Reidinger
United States District Judge